IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:02-00241

CARLOS DEAN SCOTT

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline. (Doc. # 510).[*] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008.

At defendant's sentencing hearing, the court determined that his Total Offense Level was 40 which resulted in a guideline sentencing range of 360 months to life. Defendant was sentenced to a term of imprisonment of 360 months. Even with the benefit of the amendment, defendant's Total Offense Level remains a 40 and, with a criminal history of VI, his guideline imprisonment range remains 360 months to life.

---

[*] Also pending are defendant's motion to supplement his § 3582(c)(2) motion (doc. # 532) and his motion to proceed pro se and remove the Office of the Federal Public Defender as counsel of record (doc. # 538). These motions are **GRANTED.**

Despite the fact that his guideline range has not been lowered as a result of the amendment, defendant contends that this court may nevertheless reduce his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005). See Defendant's Supplemental Memo (Doc. # 532-1). Defendant is incorrect. As the Fourth Circuit has stated:

> Accordingly, we emphasize that proceedings to modify sentence under Section 3582 are limited in nature and, therefore, are not intended to be full resentencings. As the Supreme Court recently explained in Dillon, "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon, 130 S.Ct. at 2691. Like Section 3582, U.S.S.G. § 1B1.10(a)(3) expressly identifies the same limitation, namely, that proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant. U.S.S.G. § 1B1.10(a)(3). In addition, as Dillon makes clear, Section 3582(c)(2) proceedings "do not implicate the interests identified in Booker," because Booker involved application of the guidelines at an original sentencing. Dillon, 130 S.Ct. at 2692; Bowers, 615 F.3d at 727.

United States v. Robinson, 413 Fed. Appx. 646, *648, 2011 WL 343946, * (4th Cir. 2011) (citing Dillon v. United States, 130 S. Ct. 2683 (2010)).

Based on the foregoing, defendant's sentencing range has not been lowered as a result of the amendment and, therefore, his motion must be **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 26th day of March, 2012.

ENTER:

David A. Faber
Senior United States District Judge